UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JOHN FRANCIS,

        Plaintiff,

-against-

TARGET CORPORATION and
TOMCO MECHANICAL CORP.,

        Defendant.

----------------------------------------X

TARGET CORPORATION,

        Third-Party Plaintiff,

-against-

TOMCO MECHANICAL CORPORATION,

        Third-Party Defendant.

----------------------------------------X

**Civil Action No.:
22-cv-00132 (JMA)(AYS)**

**ANSWER TO PLAINTIFF'S
SUPPLEMENTAL COMPLAINT
WITH CROSS-CLAIMS**

Defendant/Third-Party Plaintiff, TARGET CORPORATION ("Target"), by its attorneys, SIMMONS JANNACE DELUCA, LLP, as and for its Answer to the Supplemental Verified Complaint of Plaintiff, responds as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "1" of the Supplemental Verified Complaint.

2. Denies the allegations contained in numbered paragraph "2" of the Supplemental Verified Complaint, except admits Target is incorporated in the State of Minnesota, with its principal place of business in the State of Minnesota.

3. Denies the allegations contained in numbered paragraph "3" of the Supplemental Verified Complaint, except admits Target operated a retail store on a portion of the premises located at 255 Pond Path, South Setauket, County of Suffolk, State of New York.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "4" of the Supplemental Verified Complaint.

### ANSWERING JURISDICTIONAL ALLEGATIONS

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "5" of the Supplemental Verified Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "6" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

7. Denies the allegations contained in numbered paragraph "7" of the Supplemental Verified Complaint, except admits that plaintiff filed a lawsuit in the Supreme Court of the State of New York, County of Suffolk, bearing Index Number 615355/2021.

8. Denies the allegations contained in numbered paragraph "8" of the Supplemental Verified Complaint, except admits plaintiff has claimed damages in excess of $75,000.

9. Denies the allegations contained in numbered paragraph "9" of the Supplemental Verified Complaint, except admits Target removed this action to the Eastern District of New York on the basis of diversity jurisdiction.

10. Denies the allegations contained in numbered paragraph "10" of the Supplemental Verified Complaint, except admits that Target contracted with TOMCO MECHANICAL CORP., to perform maintenance on refrigeration units at the subject store prior to plaintiff's accident and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in numbered paragraph "10" of the Supplemental Verified Complaint.

11. Denies the allegations contained in numbered paragraph "11" of the Supplemental Verified Complaint, except admits plaintiff sought leave to join TOMCO MECHANICAL CORP., as a defendant and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in numbered paragraph "11" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered

paragraph numbered "12" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "13" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

**ANSWERING FACTUAL ALLEGATIONS**

14. Denies the allegations contained in numbered paragraph "14" of the Supplemental Verified Complaint except admits Target is a foreign business corporation authorized to conduct business in the State of New York.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "15" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "16" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "17" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

18. Denies the allegations contained in numbered paragraph "18" of the Supplemental Verified Complaint, except admits Target operated a retail store on a portion of the premises located at 255 Pond Path, South Setauket, County of Suffolk, State of New York.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "19" of the Supplemental Verified Complaint, except admits Target operated a retail store on a portion of the premises located at 255 Pond Path, South Setauket, County of Suffolk, State of New York.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "20" of the Supplemental Verified Complaint, except admits Target operated a retail store on a portion of the premises located at 255 Pond Path, South Setauket, County of Suffolk, State of New York.

21. Denies the allegations contained in numbered paragraph "21" of the Supplemental Verified Complaint, except admits Target operated a retail store on a portion of the premises located at 255 Pond Path, South Setauket, County of Suffolk, State of New York.

22. Denies the allegations contained in numbered paragraph "22" of the Supplemental Verified Complaint, except admits Target

operated a retail store on a portion of the premises located at 255 Pond Path, South Setauket, County of Suffolk, State of New York.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "23" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

24. Denies the allegations contained in numbered paragraph "24" of the Supplemental Verified Complaint, except admits Target operated a retail store on a portion of the premises located at 255 Pond Path, South Setauket, County of Suffolk, State of New York.

25. Denies the allegations contained in numbered paragraph "25" of the Supplemental Verified Complaint, except admits Target operated a retail store on a portion of the premises located at 255 Pond Path, South Setauket, County of Suffolk, State of New York.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "26" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered

paragraph numbered "27" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "28" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "29" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

30. Denies the allegations contained in numbered paragraph "30" of the Supplemental Verified Complaint, except admits Target operated a retail store on a portion of the premises located at 255 Pond Path, South Setauket, County of Suffolk, State of New York.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "31" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "32" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "33" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "34" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "35" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

36. Denies the allegations contained in numbered paragraph "36" of the Supplemental Verified Complaint, except admits Target operated a retail store on a portion of the premises located at 255 Pond Path, South Setauket, County of Suffolk, State of New York.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "37" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered

paragraph numbered "38" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

39. Denies the allegations contained in numbered paragraph "39" of the Supplemental Verified Complaint, except admits Target entered into an agreement with TOMCO MECHANICAL CORP., to provide repair of HVAC, Refrigeration and/or Self-Contained Refrigeration Equipment prior to July 31, 2020.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "40" of the Supplemental Verified Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "41" of the Supplemental Verified Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "42" of the Supplemental Verified Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "43" of the Supplemental Verified Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "44" of the Supplemental Verified Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "45" of the Supplemental Verified Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "46" of the Supplemental Verified Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "47" of the Supplemental Verified Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "48" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "49" of the Supplemental Verified Complaint and leaves all questions of law to the Court.

50. Denies the allegations contained in numbered paragraph "50" of the Supplemental Verified Complaint.

51. Denies the allegations contained in numbered paragraph "51" of the Supplemental Verified Complaint.

52. Denies the allegations contained in numbered paragraph "52" of the Supplemental Verified Complaint as to Target and denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in numbered paragraph numbered "52" of the Supplemental Verified Complaint as to TOMCO MECHANICAL CORP.

53. Denies the allegations contained in numbered paragraph "53" of the Supplemental Verified Complaint as to Target and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph numbered "53" of the Supplemental Verified Complaint as to TOMCO MECHANICAL CORP.

54. Denies plaintiff is entitled to the relief requested in the "WHEREFORE" clause.

55. Defendant/Third-Party Plaintiff demands that liability, if any, be apportioned.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56. Plaintiff's Supplemental Verified Complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57. Upon information and belief, the injuries allegedly sustained by Plaintiff were not as a result of any culpable conduct by the Defendant/Third-Party Plaintiff herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of

Plaintiff, which contributed to or caused Plaintiff's alleged injury.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58. Upon information and belief, any damages sustained by Plaintiff were caused, in whole or in part, by the culpable conduct of Plaintiff and/or were aggravated by the culpable conduct of Plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59. If Plaintiff proves at trial the existence of a dangerous condition, all of which is denied, upon information and belief, any damages sustained by Plaintiff were caused by Plaintiff having voluntarily and unreasonably assumed a known and dangerous risk, and/or the damages were caused by or aggravated by such conduct.

### AS AND FOR ITS FIFTH AFFIRMATIVE DEFENSE

60. This Defendant/Third-Party Plaintiff will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint and several liability.

### AS AND FOR ITS SIXTH AFFIRMATIVE DEFENSE

61. Upon information and belief, Defendant/Third-Party Plaintiff never received actual or constructive notice of any defective or dangerous condition, and therefore, cannot be liable for any alleged injuries suffered by Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62. Upon information and belief, if Plaintiff suffered any damages as alleged in the Supplemental Verified Complaint, such damages were as a result of an independent superseding act by a third party for which Defendant/Third-Party Plaintiff cannot be held liable, and Defendant/Third-Party Plaintiff's conduct was in no way the proximate cause of such damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

63. If Plaintiff suffered damages as alleged, then Plaintiff failed to mitigate such damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

64. If Plaintiff herein has received remuneration and/or compensation for some or all of his or her claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, this Defendant/Third-Party Plaintiff is entitled to have Plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT TOMCO MECHANICAL CORP.

65. Pursuant to the Agreement between Target and TOMCO MECHANICAL CORP., TOMCO MECHANICAL CORP., was responsible for and performed, among other things, repairs on the subject freezers.

66. Pursuant to the Agreement between Target and TOMCO MECHANICAL CORP., TOMCO MECHANICAL CORP.'s obligations included, among other things, placing safety equipment and protective barriers around equipment they work on.

67. At all times hereinafter mentioned, upon information and belief, if plaintiff suffered any loss or damage as alleged in the aforesaid Complaint, the loss or damage occurred without any fault on the part of Target, and was caused by the negligent, defective, careless and/or reckless work and services performed by or on behalf of TOMCO MECHANICAL CORP., and if any judgment is recovered herein by Plaintiff against Target, Target will be damaged thereby and TOMCO MECHANICAL CORP., is or will be responsible therefore in whole or in part and Target will be entitled to judgment over and against TOMCO MECHANICAL CORP.

68. By reason of the foregoing, TOMCO MECHANICAL CORP., will be liable to Target for the full amount of any recovery herein by the Plaintiff, or for that portion thereof caused by the relative responsibility of TOMCO MECHANICAL CORP., and TOMCO MECHANICAL CORP., is obligated to pay any and all attorneys' fees, costs, expenses and disbursements in this action.

### AS AND FOR A SECOND CROSS-CLAIM
### AGAINST DEFENDANT TOMCO MECHANICAL CORP.

69. Target herein demands that liability, if any, be apportioned, and therefore, TOMCO MECHANICAL CORP., will be liable

to Target in the event judgment is recovered by Plaintiff in an equal amount to the excess over and above Target's equitable share of the judgment, the equitable share of the judgment of TOMCO MECHANICAL CORP., will be determined in accordance with the relative culpability of all the parties herein.

### AS AND FOR A THIRD CROSS-CLAIM
### AGAINST DEFENDANT TOMCO MECHANICAL CORP.

70. Pursuant to the Agreement entered into between Target and TOMCO MECHANICAL CORP., TOMCO MECHANICAL CORP., must defend, indemnify and hold Target harmless for any damages recovered by the Plaintiff in this action and, accordingly, if the Plaintiff herein recover an award, judgment or verdict against Target for the damages as alleged in the Complaint, TOMCO MECHANICAL CORP., will be required to indemnify and reimburse Target for any such award, judgment or verdict, including attorneys' fees, costs and disbursements incurred by Target in this action as well as any attorneys' fees, costs, disbursements and expenses incurred by Target in the defense of Plaintiff's action and in the prosecution of this action.

### AS AND FOR A FOURTH CROSS-CLAIM
### AGAINST DEFENDANT TOMCO MECHANICAL CORP.

71. Pursuant to the Agreement entered into between Target and TOMCO MECHANICAL CORP., TOMCO MECHANICAL CORP., was contractually required to procure and maintain commercial general

liability insurance coverage naming Target as an additional insured.

72. Upon information and belief, TOMCO MECHANICAL CORP., breached its contractual obligation by failing to procure the required insurance.

73. By virtue of the aforementioned breach, TOMCO MECHANICAL CORP., is liable to Target for any incidental and consequential damages, including but not limited to any verdict, settlement, judgment or award obtained by Plaintiff against Target as well as for any attorneys' fees, costs and expenses incurred by Target in defense of Plaintiff's action and the prosecution of this action.

### AS AND FOR A FIFTH CROSS-CLAIM
### AGAINST DEFENDANT TOMCO MECHANICAL CORP.

74. At all times hereinafter mentioned, upon information and belief, if the Plaintiff sustained the damages in the manner, time and place alleged and if it is found that Target or its direct and indirect parents and subsidiaries, affiliated entities, successors and assigns are liable to the plaintiff herein, all of which is specifically denied, then Target is entitled to common law indemnification from any judgment over and against TOMCO MECHANICAL CORP., for all or part of any verdicts, awards, judgments or settlements that plaintiff may recover against Target as well as any attorneys' fees, costs, disbursements and expenses incurred by Target in the defense of plaintiff's action and in the prosecution of this action.

## AS AND FOR A SIXTH CROSS-CLAIM
## AGAINST DEFENDANT TOMCO MECHANICAL CORP.

75. TOMCO MECHANICAL CORP., failed to perform and breached it duties under the Agreement to, among other things, perform its work and /or services in a good and workmanlike manner and taking reasonable precautions to protect Target and its guests.

76. Upon information and belief, TOMCO MECHANICAL CORP., failed to perform and breached its duties under the Agreement to, among other things, properly supervise its employees, agents and/or servants.

77. As a result of TOMCO MECHANICAL CORP.'s failure to perform under and its breach of the Agreement, Plaintiff commenced its action against Target claiming Target was negligent in creating or failing to remedy a dangerous condition, all of which is denied.

78. If Plaintiff suffered any loss or damage as alleged in its Supplemental Verified Complaint, such loss or damage occurred without any fault or contribution by Target, and was caused by TOMCO MECHANICAL CORP.'s failure to perform under and breach of the Agreement, as well as the negligent, careless, willful, and reckless acts and/or omissions of TOMCO MECHANICAL CORP.'s employees and/or subcontractors and/or their employees.

79. By reason of the foregoing, TOMCO MECHANICAL CORP., will be liable to Target for the full amount of any recovery herein by Plaintiff or the portion thereof caused by the relative responsibility of TOMCO MECHANICAL CORP., and TOMCO MECHANICAL

CORP., is bound to pay any and all of Target's attorneys' fees, costs, expenses and disbursements in this action.

**WHEREFORE,** for all of the foregoing reasons, it is respectfully requested that Plaintiff's Supplemental Verified Complaint be dismissed in its entirety, Defendant/Third-Party Plaintiff be granted judgment on its cross-claims and that Defendant/Third-Party Plaintiff be awarded the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

Dated: Hauppauge, New York
October 21, 2022

                       SIMMONS JANNACE DELUCA LLP

                       BY:  s/ Sal F. DeLuca
                            Sal F. DeLuca
                       Attorneys for Defendant/Third-Party Plaintiff
                       TARGET CORPORATION
                       **Office and P.O. Address:**
                       43 Corporate Drive
                       Hauppauge, NY 11788
                       (631) 873-4888

TO:  ROSENBERG & GLUCK
     Attorneys for Plaintiff
     JOHN FRANCIS
     **Office & P.O. Address:**
     1176 Portion Road
     Holtsville, New York 11742
     (631) 451-7900

LAW OFFICES OF MARTYN,
SMITH, MURRAY & YONG
Attorneys for Defendant/Third-Party Defendant
TOMCO MECHANICAL CORPORATION
**Office & P.O. Address:**
102 Motor Parkway, Suite 230
Hauppauge, New York 11788
(631) 300-9460
MMSMLaw@LibertyMutual.com

735873